## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

XIOMARA DEL CARMEN RIOS CHAVARRIA and all others similarly situated under 29 U.S.C. § 216(b),

    *Plaintiff*,

v.

YAMBO INC., a Florida Corporation, and ARMANDO PEREZ SR., an individual,

    *Defendants*.
_____/

CASE NO.:

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, Defendants YAMBO, INC. and ARMANDO PEREZ SR. ("Defendants") give notice of removal of this action to the United States District Court for the Southern District of Florida, Miami Division, and states in support as follows:

**1.    State Court Action**

Plaintiff filed her case pending in the County Court of the Eleventh Judicial Circuit, in and for Miami-Dade County, Florida, styled *Xiomara Del Carmen Rios Chavarria et al. v. Yambo, Inc. and Armando Perez Sr.*, Case Number 2020-001452-CC-24, on or about June 5, 2020. Defendants attach a true and correct copy of Plaintiff's Complaint and state court file as composite Exhibit 1.

**2.    Service of Plaintiff's Complaint**

Plaintiff served her Complaint upon Defendants on July 2, 2020. Defendants timely file this removal within 30 days of Plaintiff's Complaint being served on Defendants pursuant to 28 U.S.C. § 1446(b). *See* Return of Service for Defendants, Exhibit 1.

3.      **Nature of The Action**

Plaintiff's Complaint asserts two claims: (1) wage-and-hour claim under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"). *See* Ex. 1, Compl. ¶¶ 1-19, and (2) Florida Minimum Wage Violations under Florida Statute § 448.110(3). *See id.* ¶¶ 20-31.

4.      **Removal of State Court Action**

Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant …. to the district court of the United States for the district and division embracing the place where such action is pending."

5.      **Federal Question Jurisdiction**

Under 28 U.S.C. § 1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  Section 216(b) of the FLSA provides that "[a]n action to recover the liability prescribed [earlier in the Act] may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction."   29 U.S.C. § 216(b).   The Supreme Court held that concurrent jurisdiction provided by the FLSA does not bar a Florida employer's decision to remove an action brought under the FLSA to a U.S. District Court.  *Breur v. Jim's Concrete of Brevard, Inc.*, 538 U.S. 691 (2003); *see also Hodge v. Dolgencorp, Inc.*, No. 2:05CV235FTM29DNF, 2005 WL 1668535, at *1 (M.D. Fla. July 13, 2005) (holding that FLSA action filed in state court was properly removed to federal court on federal question basis).  Because Plaintiff's Complaint is brought under the FLSA, it raises a federal question, and removal is proper.

6.      **Venue**

Plaintiff filed her case in Miami-Dade County Court. Therefore, this case must be removed to the Southern District of Florida, Miami Division.  *See* 28 U.S.C. §§ 1441(a) (stating

that action "may be removed . . . to the district court of the United States for the district and division embracing the place where such action is pending") & 1446(a) ("A defendant or defendants desiring to remove any civil action from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal . . . .").

7.       **State Court Pleadings**

Pursuant to 28 U.S.C. § 1446(a), with this Notice, Defendants simultaneously file copies of all process, pleadings, and orders existing on file in the state court in this removed action. Copies of these removal documents are attached to this Notice of Removal at Exhibit 1. Further, under 28 U.S.C. § 1446(d), Defendant filed a true and correct copy of this Notice of Removal with the Clerk of the County Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida.  A copy of the Notice of Filing Notice of Removal, without attachments, is attached hereto as Exhibit 2.

Date:   July 27, 2020            Respectfully submitted,
                                 **TARA E. FAENZA, PA**
                                 *Counsel for Defendants*
                                 66 West Flagler Street, Suite 900
                                 Miami, Florida 33130
                                 Telephone (786) 376-2272
                                 tef@faenzalaw.com

                                 By:    /s/ *Tara E. Faenza*
                                        TARA E. FAENZA
                                        Florida Bar No.: 106928
                                        tef@faenzalaw.com

P a g e | 4

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 27, 2020 a copy of the foregoing was served on all counsel of record identified on the Service List below via CM/ECF.

By: /s/ *Tara E. Faenza,*
TARA E. FAENZA, ESQ.

## Service List

**J.H. Zidell, P.A.**
300 71st Street, Suite 605
Miami Beach, Florida 33141
Tel: (305) 865-6766
Fax: (305) 865-7167

**J.H. Zidell, Esq**.
ZABOGADO@AOL.COM
**Natalie Staroschak, Esq.**
NSTAR.ZIDELLPA@GMAIL.COM
**David Nudel, Esq.**
DNUDEL.JHZIDELLPA@GMAIL.COM).
*Attorneys for Plaintiff*