# EXHIBIT A

**FORM 1.997. CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting <u>data</u> pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

I.  **CASE STYLE**

IN THE CIRCUIT COURT OF THE <u>ELEVENTH</u>  JUDICIAL CIRCUIT,
IN AND FOR <u>MIAMI-DADE</u>  COUNTY, FLORIDA

Case No.:_____
Judge: _____

<u>XIOMARA DEL CARMEN RIOS CHAVARRIA</u>
 Plaintiff
            vs.
<u>YAMBO, INC., ARMANDO PEREZ Sr</u>
Defendant

II. **AMOUNT OF CLAIM**
   Please indicate the estimated amount of the claim rounded to the nearest dollar $<u>18,866</u>

III. **TYPE OF CASE**   (If the case fits more than one type of case, select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence – other
   ☐ Business governance
   ☐ Business torts
   ☐ Environmental/Toxic tort
   ☐ Third party indemnification
   ☐ Construction defect
   ☐ Mass tort
   ☐ Negligent security
   ☐ Nursing home negligence
   ☐ Premises liability – commercial
   ☐ Premises liability – residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
   ☐ Commercial foreclosure
   ☐ Homestead residential foreclosure
   ☐ Non-homestead residential foreclosure
   ☐ Other real property actions
☐ Professional malpractice
   ☐ Malpractice – business
   ☐ Malpractice – medical

☐ Malpractice – other professional
☐ Other
   ☐ Antitrust/Trade Regulation
   ☐ Business Transaction
   ☐ Circuit Civil - Not Applicable
   ☐ Constitutional challenge-statute or ordinance
   ☐ Constitutional challenge-proposed amendment
   ☐ Corporate Trusts
   ☐ Discrimination-employment or other
   ☐ Insurance claims
   ☐ Intellectual property
   ☐ Libel/Slander
   ☐ Shareholder derivative action
   ☐ Securities litigation
   ☐ Trade secrets
   ☐ Trust litigation

☒ County Civil
   ☐ Small Claims up to $8,000
   ☒ Civil
   ☐ Replevins
   ☐ Evictions
   ☐ Other civil (non-monetary)

**COMPLEX BUSINESS COURT**

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

**IV.    REMEDIES SOUGHT** (check all that apply):
☒  Monetary;
☐  Non-monetary declaratory or injunctive relief;
☐  Punitive

**V.    NUMBER OF CAUSES OF ACTION:**
(Specify)

<u>2</u>

**VI.    IS THIS CASE A CLASS ACTION LAWSUIT?**
☐  Yes
☒  No

**VII.    HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
☒  No
☐  Yes – If "yes" list all related cases by name, case number and court:


**VIII.    IS JURY TRIAL DEMANDED IN COMPLAINT?**
☒  Yes
☐  No

_____

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature:    <u>s/ Jamie H. Zidell</u>
        Attorney or party
FL Bar No.:  <u>10121</u>
        (Bar number, if attorney)
        <u>Jamie H. Zidell</u>
        (Type or print name)
    Date:  <u>06/05/2020</u>

Case 1:20-cv-23101-RR Document 1-1 Entered on FLSD Docket 07/27/2020 Page 4 of 28

**IN THE COUNTY COURT OF THE 11th JUDICIAL CIRCUIT**
**IN AND FOR MIAMI-DADE COUNTY, FLORIDA**

CIVIL DIVISION

XIOMARA DEL CARMEN RIOS      )
CHAVARRIA and all others similarly situated )
under 29 U.S.C. § 216(b),      )
     )
         Plaintiff,      )
    vs.      )
     )
YAMBO INC. , a Florida Corporation, and      )
ARMANDO PEREZ SR., an individual,      )
     )
         Defendants.      )
_____

**COMPLAINT UNDER 29 U.S.C. §§ 201- 216 OVERTIME**
**AND MINIMUM WAGE VIOLATIONS**

Plaintiff, XIOMARA DEL CARMEN RIOS CHAVARRIA, on behalf of herself and all others similarly situated under 29 U.S.C. § 216(b), through undersigned counsel, and hereby files this Complaint against Defendants, YAMBO INC., and ARMANDO PEREZ SR, and alleges:

1. This is an action arising under the Fair Labor Standards Act 29 U.S.C. §§ 201-216.

2. This case involves damages in excess of $8,000.00 but less than $30,000.00 exclusive of attorney's fees and costs.

3. The Plaintiff, XIOMARA DEL CARMEN RIOS CHAVARRIA was a resident of Dade County, Florida at the time that this dispute arose.

4. The corporate Defendant YAMBO INC., is a company that regularly transacts business within Miami-Dade County. Upon information and belief, the Defendant Corporation was the FLSA employer for Plaintiff's respective period of employment ("the relevant time period").

5. The individual Defendant ARMANDO PEREZ SR is a corporate officer and/or owner

and/or manager of the Defendant Corporations who ran the day-to-day operations of the Corporate Defendants for the relevant time period and was responsible for paying Plaintiff's wages for the relevant time period and controlled Plaintiff's work and schedule and was therefore Plaintiff's employer as defined by 29 U.S.C. § 203 (d).

6. All acts or omissions giving rise to this dispute took place in Miami-Dade County.

## COUNT I. FEDERAL OVERTIME WAGE VIOLATION

7. This action arises under the laws of the United States. This case is brought as a collective action under 29 U.S.C. § 216(b). It is believed that the Defendants have employed several other similarly situated employees like Plaintiff who have not been paid overtime and/or minimum wages for work performed in excess of 40 hours weekly from the filing of this complaint back three years.

8. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 as this case is brought pursuant to The Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (section #216 for jurisdictional placement). This Court has concurrent jurisdiction with the Federal Courts under 29 USC §216(B).

9. 29 U.S.C. § 207 (a) (1) states, "Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

10. Plaintiff XIOMARA DEL CARMEN RIOS CHAVARRIA worked for Defendants as a

kitchen helper/dishwasher/cleaner from on or about May 28, 2019 through on or about March 21, 2020.

11. Defendant's business activities involve those to which the Fair Labor Standards Act applies. Both the Defendant's business and the Plaintiffs' work for the Defendants affected interstate commerce for the relevant time period. Plaintiffs' work for the Defendants affected interstate commerce for the relevant time period because the materials and goods that Plaintiffs used on a constant and/or continual basis and/or that were supplied to her by the Defendants, to use on the job moved through interstate commerce prior to and/or subsequent to Plaintiffs' use of the same. The Plaintiffs' work for the Defendants was actually in and/or so closely related to the movement of commerce while he worked for the Defendants that the Fair Labor Standards Act applies to Plaintiffs' work for the Defendants.

12. Additionally, Defendants regularly employed two or more employees for the relevant time period who handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus making Defendant's business an enterprise covered under the Fair Labor Standards Act.

13. Upon information and belief, the Defendant Corporation had gross sales or business done in excess of $500,000 annually for the years 2019 and is expected to exceed $500,000 for the year 2020.

14. Individual Defendant, ARMANDO PEREZ SR., was Plaintiff's individual employer pursuant to 29 U.S.C. § 203(d) as set forth above.

15. Between the period of on or about May 28, 2019 through on or about November 1, 2019, Plaintiff XIOMARA DEL CARMEN RIOS CHAVARRIA worked an average of 72

hours a week for Defendants and was paid an average of $6.25[1] per hour but was never paid the extra half time rate for any hours worked over 40 hours in a week as required by the Fair Labor Standards Act. Plaintiff therefore claims the half time overtime rate for each hour worked above 40 hours in a week based on the applicable Florida minimum wage for each year.

16. Between the period of on or about November 1, 2019 through on or about November 30, 2019, Plaintiff XIOMARA DEL CARMEN RIOS CHAVARRIA worked an average of 72 hours a week for Defendants and was paid an average of $6.94[2] per hour but was never paid the extra half time rate for any hours worked over 40 hours in a week as required by the Fair Labor Standards Act. Plaintiff therefore claims the half time overtime rate for each hour worked above 40 hours in a week based on the applicable Florida minimum wage for each year.

17. Between the period of on or about December 1, 2019 through on or about March 21, 2020, Plaintiff XIOMARA DEL CARMEN RIOS CHAVARRIA worked an average of 60 hours a week for Defendants and was paid an average of $8.33[3] per hour but was never paid the extra half time rate for any hours worked over 40 hours in a week as required by the Fair Labor Standards Act. Plaintiff therefore claims the half time overtime rate for each hour worked above 40 hours in a week based on the applicable Florida minimum wage for each year.

18. Additionally, during the relevant time period, there were 3 weeks in which Plaintiff worked 84 hours a week for Defendants and was paid an average of $6.43[4] per hour but

---

[1] Plaintiff earned $450.00 per week for this time period.
[2] Plaintiff earned $500.00 per week for this time period.
[3] Plaintiff earned $500.00 per week for this time period.
[4] Plaintiff earned $540.00 per week when she worked 7 days per week.

was never paid the extra half time rate for any hours worked over 40 hours in a week as required by the Fair Labor Standards Act. Plaintiff therefore claims the half time overtime rate for each hour worked above 40 hours in a week based on the applicable Florida minimum wage for each year.

19. Defendants willfully and intentionally refused to pay Plaintiff's overtime wages as required by the Fair Labor Standards Act as Defendants knew of the overtime requirements of the Fair Labor Standards Act and recklessly failed to investigate whether Defendants' payroll practices were in accordance with the Fair Labor Standards Act. Defendants remain owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendants for the time period specified above.

**WHEREFORE,** the Plaintiff requests double damages and reasonable attorney fees from Defendants, jointly and severally, pursuant to the Fair Labor Standards Act as cited above, to be proven at the time of trial for all overtime wages still owing from Plaintiff's entire employment period with Defendants or as much as allowed by the Fair Labor Standards Act along with court costs, interest, and any other relief that this Court finds reasonable under the circumstances. ***The Plaintiff requests a trial by jury.***

## COUNT II. FLORIDA MINIMUM WAGE VIOLATIONS

COMES NOW PLAINTIFF, through Counsel, and re-adopt the factual and jurisdictional statements in paragraphs 1-19 above and further state:

20. Florida Statute § 448.110 (3) states "Effective May 2, 2005, employers shall pay employees a **minimum wage** at an hourly rate of $6.15 for all hours worked in Florida. Only those individuals entitled to receive the federal minimum wage under the federal Fair Labor Standards Act and its implementing regulations shall be eligible to receive the

state **minimum wage** pursuant to s. 24, Art. X of the State Constitution and this section. The provisions of ss. 213 and 214 of the federal Fair Labor Standards Act, as interpreted by applicable federal regulations and implemented by the Secretary of Labor, are incorporated herein." [Fla. Stat. § 448.110 (3)].

21. Florida Statute § 448.110 (4)(a) states "Beginning September 30, 2005, and annually on September 30 thereafter, the Agency for Workforce Innovation shall calculate an adjusted state minimum wage rate by increasing the state minimum wage by the rate of inflation for the 12 months prior to September 1."

22. As of May 2, 2005, Florida's minimum wage was raised to $6.15/hr. On January 1, 2006 the Florida Minimum Wage was raised to $6.40/hr. On January 1, 2007 the Florida Minimum Wage was raised to $6.67/hr. On January 1, 2008 the Florida Minimum Wage was raised to $6.79/hr. On January 1, 2009 the Florida Minimum Wage was raised to $7.21/hr. On June 1, 2011, the Florida minimum wage was increased to $7.31/hr. On January 1, 2012, the Florida minimum wage was increased to $7.67/hr. On January 1, 2013, the Florida minimum wage was increased to $7.79/hr. On January 1, 2014, the Florida minimum wage was increased to $7.93/hr. On January 1, 2015, the Florida minimum wage was increased to $8.05/hr. Minimum wage claims are brought pursuant to the Florida Constitution and the Fair Labor Standards Act. On January 1, 2017, the Florida minimum wage was increased to $8.10/hr. Minimum wage claims are brought pursuant to the Florida Constitution and the Fair Labor Standards Act. On January 1, 2018, the Florida minimum wage was increased to $8.25/hr. Minimum wage claims are brought pursuant to the Florida Constitution and the Fair Labor Standards Act. On January 1, 2019, the Florida minimum wage was increased to $8.46/hr. Minimum wage

claims are brought pursuant to the Florida Constitution and the Fair Labor Standards Act. On January 1, 2020, the Florida minimum wage was increased to $8.56/hr. Minimum wage claims are brought pursuant to the Florida Constitution and the Fair Labor Standards Act.

23. The Fair Labor Standards Act provides that if a state has a minimum wage that is higher than the Florida minimum wage, then an employee in that state has a Florida right under the FLSA to be paid that state's minimum wage.  29 U.S.C. § 218(a); see also 29 C.F.R. § 541.4; see also C.F.R. § 778.5. Thus, Plaintiff claims the Florida minimum wage for all hours worked pursuant to the hourly rates listed in the previous paragraph.[5]

24. Between the period of on or about May 28, 2019 through on or about November 1, 2019, Plaintiff XIOMARA DEL CARMEN RIOS CHAVARRIA worked an average of 72 hours a week for Defendants and was paid an average of $6.25[6] per hour which did not meet the applicable Florida Minimum Wage required for said period of time. Therefore, Plaintiff claims difference between Plaintiff's average hourly rate of $6.25/hr and the applicable minimum wage rate for all hours worked.

25. Between the period of on or about November 1, 2019 through on or about November 30, 2019, Plaintiff XIOMARA DEL CARMEN RIOS CHAVARRIA worked an average of 72 hours a week for Defendants and was paid an average of $6.94[7] per hour which did not meet the applicable Florida Minimum Wage required for said period of time. Therefore, Plaintiff claims difference between Plaintiff's average hourly rate of $6.94/hr and the applicable minimum wage rate for all hours worked.

---

[5] Plaintiff is not required to comply with the Florida statute's pre-suit notice requirements when the minimum wage violations occur within 3 years prior to filing.  *See Touzout v. America Best Care Rental KF Corp.*, 2017 WL 2541225 *1 (S.D. Fla. December 21, 2017).
[6] Plaintiff earned $450.00 per week for this time period.
[7] Plaintiff earned $500.00 per week for this time period.

26. Between the period of on or about December 1, 2019 through on or about March 21, 2020, Plaintiff XIOMARA DEL CARMEN RIOS CHAVARRIA worked an average of 60 hours a week for Defendants and was paid an average of $8.33[8] per hour which did not meet the applicable Florida Minimum Wage required for said period of time. Therefore, Plaintiff claims difference between Plaintiff's average hourly rate of $8.33/hr and the applicable minimum wage rate for all hours worked.

27. Additionally, there were 3 weeks within the relevant time period in which Plaintiff worked 84 hours a week for Defendants and was paid an average of $6.43[9] per hour which did not meet the applicable Florida Minimum Wage required for said period of time. Therefore, Plaintiff claims difference between Plaintiff's average hourly rate of $6.43/hr and the applicable minimum wage rate for all hours worked.

28. Defendant's business activities involve those to which the Fair Labor Standards Act applies. Both the Defendant's business and the Plaintiffs' work for the Defendants affected interstate commerce for the relevant time period. Plaintiffs' work for the Defendants affected interstate commerce for the relevant time period because the materials and goods that Plaintiffs used on a constant and/or continual basis and/or that were supplied to her by the Defendants, to use on the job moved through interstate commerce prior to and/or subsequent to Plaintiffs' use of the same. The Plaintiffs' work for the Defendants was actually in and/or so closely related to the movement of commerce while he worked for the Defendants that the Fair Labor Standards Act applies to Plaintiffs' work for the Defendants.

29. Additionally, Defendants regularly employed two or more employees for the relevant

---

[8] Plaintiff earned $500.00 per week for this time period.
[9] Plaintiff earned $540.00 per week when she worked 7 days per week.

time period who handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus making Defendant's business an enterprise covered under the Fair Labor Standards Act.

30. Upon information and belief, the Defendant Corporation had gross sales or business done in excess of $500,000 annually for the years 2019 and is expected to exceed $500,000 for the year 2020.

31. Defendants willfully and intentionally refused to pay Plaintiff's minimum wages as required by the Fair Labor Standards Act as Defendants knew of the Florida Minimum Wage requirements of the Fair Labor Standards Act and recklessly failed to investigate whether Defendants' payroll practices were in accordance with the Fair Labor Standards Act. Defendants remain owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendants for the time period specified above.

**WHEREFORE**, Plaintiff request double damages and reasonable attorney fees from the Defendants, jointly and severally, pursuant to the Fair Labor Standards Act and pursuant to Fla. Stat. § 448.08, and as cited above, to be proven at the time of trial for all minimum wages still owing from Plaintiff's entire employment period with Defendants or, as much as allowed by the Fair Labor Standards Act --whichever is greater along with court costs, interest, and any other relief that this Court finds reasonable under the circumstances. ***The Plaintiff requests a trial by jury***.


**[THIS SPACE INTENTIONALLY LEFT BLANK]**

Respectfully Submitted,

J.H. Zidell, Esq.
J.H. Zidell, P.A.
Attorney For Plaintiff
300 71st Street, Suite 605
Miami Beach, Florida 33141
Tel: (305) 865-6766
Fax: (305) 865-7167
Email: ZABOGADO@AOL.COM

By:__/s/ J.H. Zidell_____
     J.H. Zidell, Esq.
     Florida Bar Number: 0010121

Case 1:20-cv-23101-BB Document 1-1 Entered on FLSD Docket 07/27/2020 Page 14 of 28

**IN THE COUNTY COURT IN AND FOR**
**MIAMI-DADE COUNTY, FLORIDA**

CIVIL DIVISION

CASE NO.: 2020-001452-CC-24

XIOMARA DEL CARMEN RIOS )
CHAVARRIA and all others similarly situated )
under 29 U.S.C. § 216(b), )
                                     )
           Plaintiff, )
  vs. )
                                      )
YAMBO INC. , a Florida Corporation, and )
ARMANDO PEREZ SR., an individual, )
                                      )
           Defendants. )
_____ )

## <u>NOTICE OF APPEARANCE OF COUNSEL</u>

**COME(S) NOW** the undersigned counsel and notices the Court and all parties as follows:

The undersigned hereby appears as an additional trial counsel of record on behalf of the Plaintiff(s), and requests that all documents filed or served in this case be sent to the undersigned.

**NATALIE STAROSCHAK, ESQ.**
**J.H. ZIDELL, P.A.**
**ATTORNEY FOR PLAINTIFF**
**300 71ST STREET, #605**
**MIAMI BEACH, FL 33141**
**PH: 305-865-6766**
**FAX: 305-865-7167**
**EMAIL: NSTAR.ZIDELLPA@GMAIL.COM**
**F.B.N. 116745**

**BY:___/s/___Natalie Staroschak_____**
     **NATALIE STAROSCHAK, ESQ.**

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY THAT A TRUE AND CORRECT COPY OF THE**

**FOREGOING WAS SENT VIA CM/ECF FILING ON JUNE 30, 2020 TO:**

**ALL EFILING REGISTRANTS**

**BY:___/s/___Natalie Staroschak_____**
**NATALIE STAROSCHAK, ESQ.**

## RETURN OF SERVICE

| State of Florida | County of Miami-Dade | Circuit Court |
|---|---|---|

Case Number: 2020-001452 CC 24

Plaintiff:
XIOMARA DEL CARMEN RIOS CHAVARRIA AND ALL OTHERS AND
SIMILARLY SITUATED UNDER 29 U.S.C. § 216(B)

vs.

Defendant:
YAMBO, INC AND ARMANDO PEREZ SR

For:
J.H. ZIDELL, P.A.
300 71ST STREET
SUITE 605
MIAMI BEACH, FL 33141

Received by Lightning Legal Couriers on the 2nd day of July, 2020 at 11:48 am to be served on **ARMANDO PEREZ, 1642 S.W. FLAGLER TERRACE, MIAMI, FL 33135**.

I, Ivan Lopez, do hereby affirm that on the **2nd day of July, 2020** at **12:00 pm, I:**

**SUBSTITUTE** served by delivering a true copy of the **Summons and Complaint Under 29 U.S.C. §§ 201-216 Overtime and Minimum Wage Violations** with the date and hour of service endorsed thereon by me, to: **EDGAR MURILLO** as **MANAGER**, a person employed therein and authorized to accept service for **ARMANDO PEREZ** at the address of: **1642 S.W. FLAGLER TERRACE, MIAMI, FL 33135**, the within named person's usual place of **Work**, in compliance with State Statutes.

Under Penalties of Perjury, I declare I have read the foregoing document and the facts stated in it are true. I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing, in the judicial circuit in which the process was served. NO NOTARY REQUIRED PURSUANT TO F.S. 92.525(2)

Ivan Lopez
CPS#2309

**Lightning Legal Couriers**
**9280 SW 64 Street**
**Miami, FL 33173**
**(786) 286-4167**

Our Job Serial Number: LTN-2020002262

Copyright © 1992-2020 Database Services, Inc. - Process Server's Toolbox V8.1m

Filing # 109589853 E-Filed 06/30/2020 11:24:36 AM

☐ IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA.
☑ IN THE COUNTY COURT IN AND FOR MIAMI-DADE COUNTY, FLORIDA.

| DIVISION<br>☑ CIVIL<br>☐ DISTRICTS<br>☐ OTHER | CIVIL ACTION SUMMONS (b)<br>Form for Personal Service on a Natural Person | CASE NUMBER<br>2020-001452-CC-24 |
|---|---|---|
| PLAINTIFF(S)<br>XIOMARA DEL CARMEN RIOS CHAVARRIA and all others similarly situated under 29 U.S.C § 216(b) | VS.  DEFENDANT(S)<br><br>YAMBO, INC.<br>and ARMANDO PEREZ SR. | CLOCK IN<br>7-2-20 12:00p<br>I.C #3205 |

THE STATE OF FLORIDA:TO EACH SHERIFF OF THE STATE, YOU ARE COMMANDED to serve this Summons and a copy of the Complaint in this lawsuit on defendant:

| To Defendant(s):<br>ARMANDO PEREZ SR. | Address: 1642 S.W. FLAGLER TERRACE<br>MIAMI FL 33135 |
|---|---|

## IMPORTANT

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court. A phone call will not protect you. Your written response, including the case number given above and the names of the parties must be filed if you want the court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money and property may thereafter be taken without further warning from the Court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response with the Clerk of the Court, you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named below. The central location of the Clerk's office is at the Dade County Courthouse. The address for the courthouse, and branch locations are listed below for your convenience.

**"For those unable to pay for an attorney, information on how to seek free legal assistance can be found at www.dadecountyprobono.org."**

### MIAMI-DADE COUNTY COURT LOCATIONS

| ☐ **Dade County Courthouse** (05)<br>Room 133<br>73 West Flagler Street<br>Miami, FL 33130 | ☐ **Joseph Caleb Center Court** (20)<br>Suite 103<br>5400 N.W. 22nd Avenue<br>Miami, FL 33142 | ☐ **Hialeah District Court** (21)<br>Room 100<br>11 East 6th Street<br>Hialeah, FL 33010 | ☐ **North Dade Justice Center** (23)<br>Room 100<br>15555 Biscayne Blvd.<br>North Miami Beach, FL 33160 |
|---|---|---|---|
| ☑ **Miami Beach District Court** (24)<br>Room 200<br>1130 Washington Avenue<br>Miami Beach, FL 33139 | ☐ **Coral Gables District Court** (25)<br>Room 100<br>3100 Ponce De Leon Blvd.<br>Coral Gables, FL 33134 | ☐ **South Dade Justice Center** (26)<br>Room 1200<br>10710 SW 211 Street<br>Miami, FL 33189 | SERVICE |

| Plaintiff/Plaintiff's Attorney<br>Jamie H. Zidell, Esq.<br>Florida Bar No. 0010121 | Address: 300 71st Street, Suite 605<br>Miami Beach FL 33141 | |
|---|---|---|
| CLERK OF COURTS<br>HARVEY RUVIN | 210792<br><br>DEPUTY CLERK | DATE ON:<br>7/1/2020 |

## AMERICANS WITH DISABILITIES ACT OF 1990
## ADA NOTICE

**"If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact Aliean Simpkins, the Eleventh Judicial Circuit Court's ADA Coordinator, Lawson E. Thomas Courthouse Center, 175 NW 1ˢᵗ Ave., Suite 2400, Miami, FL 33128, Telephone (305) 349-7175; TDD (305) 349-7174; Email ADA@jud11.flcourts.org; Fax (305) 349-7355 at least seven (7) days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than seven (7) days; if you are hearing or voice impaired, call 711."**

☐ EN LA CORTE DE CIRCUITO DEL UNDECIMO CIRCUITO JUDICIAL EN Y PARA EL CONDADO DE MIAMI-DADE, LA FLORIDA.

☑ EN EL TRIBUNAL DEL CONDADO EN Y PARA EL CONDADO MIAMI-DADE, LA FLORIDA.

| DIVISION<br>☑ CIVIL<br>☐ DISTRITO<br>☐ OTRA | EMPLAZAMIENTO DE ACCION CIVIL<br>(b) NOTIFICACION PERSONAL A PERSONA NATURAL | NUMERO DE CASO<br>2020-001452-CC-24 |
|---|---|---|
| DEMANDANTE(S)<br>XIOMARA DEL CARMEN RIOS CHAVARRIA<br>and all others similarly situated under<br>29 U.S.C § 216(b) | VS.   DEMANDADO(S)<br>YAMBO, INC.<br>and ARMANDO PEREZ SR. | HORA |

EL ESTADO DE LA FLORIDA: A cada alguacil del Estado: Se le ordena que hagan entrega de esta notificación y una copia de la demanda en este pleito al demandado(s) mencionada arriba.

| A Demandado(s):<br>ARMANDO PEREZ SR. | A Demandado(s):   1642 S.W. FLAGLER TERRACE<br>MIAMI FL 33135 |
|---|---|

### IMPORTANTE

Usted ha sido demandado legalmente. Tiene 20 días, contados a partir del recibo de esta notificación, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefónica no lo protegerá. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el número del caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso podría ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal (Legal Aid Office) o un servicio de referencia de abogados (Attorney Referral Service) que aparecen en la guía telefónica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera enviar por correo o entregar en la mano una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney" (Demandante o Abogado del Demandante) y presentar su contestación a la demanda al Secretario del Juzgado. La ubicación central de la Oficina del Secretario está en el edificio de la Corte del Condado de Dade. La dirección de la Corte, y de las sucursales aparecen en la lista siguiente para su conveniencia:

"Para aquellas personas que no puedan pagar un abogado, la información sobre como solicitar asistencia legal gratuita se puede encontrar en www.dadecountyprobono.org."

### LOCALIDAD DE LOS TRIBUNALES DEL CONDADO DE MIAMI-DADE

| | | | |
|---|---|---|---|
| ☐ **Dade County Courthouse** (05)<br>Room 133<br>73 West Flagler Street<br>Miami, FL 33130 | ☐ **Joseph Caleb Center Court** (20)<br>Suite 103<br>5400 N.W. 22nd Avenue<br>Miami, FL 33142 | ☐ **Hialeah District Court** (21)<br>Room 100<br>11 East 6th Street<br>Hialeah, FL 33010 | ☐ **North Dade Justice Center** (23)<br>Room 100<br>15555 Biscayne Blvd.<br>North Miami Beach, FL 33160 |
| ☑ **Miami Beach District Court** (24)<br>Room 200<br>1130 Washington Avenue<br>Miami Beach, FL 33139 | ☐ **Coral Gables District Court** (25)<br>Room 100<br>3100 Ponce De Leon Blvd.<br>Coral Gables, FL 33134 | ☐ **South Dade Justice Center** (26)<br>Room 1200<br>10710 SW 211 Street<br>Miami, FL 33189 | **SERVICIO** |

| Demandante o Abogado del<br>Demandante:<br>Jamie H. Zidell, Esq.<br>Número del Colegio de Abogados:<br>0010121 | Dirección:   300 71st Street, Suite 605<br>Miami Beach FL 33141 | |
|---|---|---|
| **HARVEY RUVIN**<br>Secretario del Tribunal del<br>Condado | COMO SECRETARIO ADJUNTO | **FECHA** |

## LEY PARA ESTADOUNIDENSES CON INCAPACIDADES

**"Si usted es una persona minusválida que necesita hacer arreglos para poder participar en este proceso, usted tiene derecho, sin gasto alguno, a que se le provea cierta ayuda.  Por favor póngase  en contacto con Aliean Simpkins, el Coordinador de ADA en el Onceavo Distrito Judicial  ubicado en el Lawson E. Thomas Courthouse Center, 175 NW 1st Ave, Sala 2400, Miami FL 33128, Teléfonos (305)349-7175; TDD (305) 349-7174, Correo electrónico ADA@jud11.flcourts.org  or Fax (305) 349-7355 por lo menos siete (7) días antes de la cita fijada para su comparecencia en los tribunales; o inmediatamente después de recibir esta notificación si el tiempo antes de la comparecencia que se ha programado es menos de siete (7) días; si usted tiene discapacitación del oído o de la voz, llame al 711."**

☐ AU TRIBUNAL DU ONZIEME ARRONDISSEMENT JUDICIARE DANS ET POUR MIAMI-DADE, FLORIDE.
☑ AU TRIBUNAL DE JUGEMENT ET POUR LE DEPARTENT DE MIAMI-DADE, FLORIDE.

| DIVIZYON<br>CIVILE<br>☑ CIVILE<br>☐ DISTRICT<br>☐ AUTRE | CONVOCARION D' ACTION CIVILE<br>(b) LIVRAI ON PERSONNELLE A UNE PERSONNE | NUMERO DE CASO<br><br>2020-001452-CC-24 |
|---|---|---|
| PLAINTE (S)<br>XIOMARA DEL CARMEN RIOS CHAVARRIA and all others similarly situated under 29 U.S.C § 216(b) | CONTRE ACCUSE(S)<br><br>YAMBO, INC.<br>and ARMANDO PEREZ SR. | HEURE IN |

L'TAT DE LA FLORIDE: A chaque sherif de l'etat vous etes oblige de presenter cette citation et une photocpie de la plainte de ce document sur l'accuse (e) ci-desus.

| A (AUX) ACCUSE(S):<br><br>ARMANDO PEREZ SR. | A (AUX) ACCUSE(S) 1642 S.W. FLAGLER TERRACE<br>MIAMI FL 33135 |
|---|---|

### IMPORTANT

Des poursuites judiciaires ont ete enterprises contre vous. Vous avez 20 jours consecutifs a partir a de la date de l'assignation de cette citation pour deposer une response ecrite a la plainte ci-jointe aupres de ce tribunal. Un simole coup de telephone est insoffisant pour vous proteger. Vous etes obliges de deposer votre response ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le tribunal entende votre cause. Si vous ne deposez pas aotre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, aucun preavis ulterieur du tribunal. Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie de votre reponse ecrite au "Plaintif/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous et enregistrer votre reponse avec le Greffier du Tribunal. L'adresse centrale du bureau du Greffier est le Dade County Courthouse. L'adresse du tribunal,et l'adresse des succursales sont dans ci-dessous pour votre convenance

**"Pour ceux qui ne peuvent payer un avocat, des informations sur la façon de demander de l'aide juridique gratuite peut être trouvé à www.dadecountyprobono.org"**

### ADRESSES DES TRIBUNAUX EN MIAMI-DADE

| ☐ **Dade County Courthouse** (05)<br>Room 133<br>73 West Flagler Street<br>Miami, FL 33130 | ☐ **Joseph Caleb Center Court** (20)<br>Suite 103<br>5400 N.W. 22nd Avenue<br>Miami, FL 33142 | ☐ **Hialeah District Court** (21)<br>Room 100<br>11 East 6th Street<br>Hialeah, FL 33010 | ☐ **North Dade Justice Center** (23)<br>Room 100<br>15555 Biscayne Blvd.<br>North Miami Beach, FL 33160 |
|---|---|---|---|
| ☑ **Miami Beach District Court** (24)<br>Room 200<br>1130 Washington Avenue<br>Miami Beach, FL 33139 | ☐ **Coral Gables District Court** (25)<br>Room 100<br>3100 Ponce De Leon Blvd.<br>Coral Gables, FL 33134 | ☐ **South Dade Justice Center** (26)<br>Room 1200<br>10710 SW 211 Street<br>Miami, FL 33189 | **UN SERVICE** |

| Plainte/Avocat du Plainte<br>Jamie H. Zidell, Esq.<br><br>Numero de barreau de la Floride:<br>0010121<br><br>**HARVEY RUVIN**<br>**Greffier de Tribunal** | Adresse :<br>300 71st Street, Suite 605<br>Miami Beach FL 33141<br><br><br><br>COMME GREFFIER ADJOINT | DATE: |
|---|---|---|

### ACT DE 1990 POUR AMERICAINS HANDICAPES
### AVIS DE l' ADA

**"Si vous êtes une personne handicapée qui a besoin d'accommodement pour pouvoir participer à cette procédure, vous avez le droit, sans aucun coût, d'avoir de l'aide à votre disposition. S'il vous plaît contacter Aliean Simpkins, le Coordinateur de l'ADA du Tribunal de l'Onzième Circuit Judiciaire, Lawson E. Thomas Courthouse Center, 175 NW 1ˢᵗ Ave. Suite 2400, Miami, FL. 33128, Téléphone (305) 349-7175; TDD (305) 349-7174, Email ADA@jud11.flcourts.org or Fax (305) 349-7355 au moins sept (7) jours avant la date de comparution au tribunal, oubien immédiatement après avoir reçu cet avis si la date avant la comparution est moins de sept (7) jours; si vous avez une incapacité pour entendre ou parler, appelez le 711."**

| ☐ NAN TRIBINAL ITINERAN NAN ONZYÈM AWONDISMAN JIDISYÈ NAN E POU KONTE MIAMI-DADE, FLORIDA |
| ☑ NAN TRIBINAL E POU TRIBINAL NAN MIAMI-DADE COUNTY, FLORIDA |

| DIVIZYON<br>☑ SIVIL<br>☐ DISTRI<br>☐ LÒT | **KONVOKASYON POU KA SIVIL**<br>(b) DELIVRE PERSONELMAN BAY YON MOUN | **NIMEWO KA**<br>2020-001452-CC-24 |
|---|---|---|

| **PLENTIF (S)**<br>XIOMARA DEL CARMEN RIOS<br>CHAVARRIA and<br>all others similarly situated<br>ERNALE OQUIA, S.O. O h 21 6(b) | **VS.   KONT AKIZE(S)**<br>YAMBO, INC.<br>and ARMANDO PEREZ SR. | **LE** |
|---|---|---|

eta yo odone ou pou bay akize a (yo), non I ekri anwo a, manda sa a ak yon kopi yo pote nan pwose sa a.:

| AKIZE:<br><br>ARMANDO PEREZ SR. | ADRES::   1642 S.W. FLAGLER TERRACE<br>MIAMI FL 33135 |
|---|---|

**ENPOTAN**

Yo entre yon aksyon kont oumem. Ou genyen 20 jou kalandriye apres  ou recevwi somasyon-an pou enregistre devan grefie tribunal-sa, yon reponce pa ecri attache avec plent-la. Yon apel pa telefon ka kapab protege-ou. Se yon repense pa ecri,fo ou mete numero ka-a ki sou tet pagela avec nom moune-yo ki sou papie-sa oblige ecri si ou vle ke tribunal-la tende position-ou cou ka-a. Si ou pa enregistre reponce-ou a l'heure ou capab pedu ka-a san tribunal la pa anounce-ou en yen, ou capab pedu l'agen ou ak byen ou. Genyen lot demande. Ou ka besoin telefone yon avoka tout de suit. Si ou pa lonen yon avoka, ou ka rele sevis ki rekomande avoka, ou biro ede legal (ki nan lis liv telefone).

Si ou shoisi voye yon reponce pa ecri oumenm, ou supose en mem tan poste en mem tan poste on pote on copi response pa ecri pou avoka pleyan ou pleyan-yo ke non-li ama-e at enregistre reponce-la nan tribunal-la ki localize nan avek Sekrete Tribinal. Adres santral biwo Sekrete a se Dade County Courthouse. Adres tribinal la, ak adres lot tribinal yo nan lis ki anba a pou ou ka jwenn yo alez:

**"Pou moun ki pa an mezi peye pou pran yon avoka, yo kapab jwenn enfòmasyon sou kijan pou yo chèche jwenn assistans legal gratis nan www.dadecountyprobono.org."**

**ADRESSES DES TRIBUNAUX EN MIAMI-DADE**

| ☐ **Dade County Courthouse** (05)<br>Room 133<br>73 West Flagler Street<br>Miami, FL 33130 | ☐ **Joseph Caleb Center Court** (20)<br>Suite 103<br>5400 N.W. 22nd Avenue<br>Miami, FL 33142 | ☐ **Hialeah District Court** (21)<br>Room 100<br>11 East 6th Street<br>Hialeah, FL 33010 | ☐ **North Dade Justice Center** (23)<br>Room 100<br>15555 Biscayne Blvd.<br>North Miami Beach, FL 33160 |
|---|---|---|---|
| ☑ **Miami Beach District Court** (24)<br>Room 200<br>1130 Washington Avenue<br>Miami Beach, FL 33139 | ☐ **Coral Gables District Court** (25)<br>Room 100<br>3100 Ponce De Leon Blvd.<br>Coral Gables, FL 33134 | ☐ **South Dade Justice Center** (26)<br>Room 1200<br>10710 SW 211 Street<br>Miami, FL 33189 | UN SERVICE |

| Plainte/Avocat du Plainte<br>Jamie H. Zidell, Esq.<br>Numero de barreau de la Floride:<br>0010121 | Nimewo manm avoka a.<br>Address: | 300 71st Street, Suite 605<br>Miami Beach FL 33141 |
|---|---|---|
| **HARVEY RUVIN**<br>Sekrete Jeneral Tribinal La | | DATE: |
| | SEKRETE | |

**LWA 1990 POU AMERIKEN KI ENFIM**
**ANONS POU AMERIKEN KI ENFIM**
**"Si ou se yon moun ki enfim z ou bezwen akomodasyon pou ou patisipe nan pwosedi sa a, ou gen dwa pou yo ba ou kèk èd san ou pa gen pou ou peye. Silvouplè kontakte Kowòdinatè Aliean Simpkins, ADA pou Tribinal Onzyèm Distrik Jidisyè a nan: Lawson E. Thomas Courthouse Center, 175 NW 1ˢᵗ Ave., Suite 2400, Miami, Fl 33128, Telefòn (305) 349-7175; TDD (305) 349-7174, Imèl ADA@jud11.flcourts.org; or Fax (305) 349-7355 omwen sèt (7) jou anvan ou gen randevou pou ou parèt  nan tribunal la, oubyen imedyatman  lè ou resevwa notifikasyon sa a si ou gen mwens ke sèt (7) jou  pou ou parèt nan tribunal la; si ou gen difikilte pou ou tande oubyen  pale, rele 711."**

## RETURN OF SERVICE

| State of Florida | County of Miami-Dade | Circuit Court |
|---|---|---|

Case Number: 2020-001452 CC 24

Plaintiff:
**XIOMARA DEL CARMEN RIOS CHAVARRIA AND ALL OTHERS AND
SIMILARLY SITUATED UNDER 29 U.S.C. § 216(B)**

vs.

Defendant:
**YAMBO, INC AND ARMANDO PEREZ SR**

For:
J.H. ZIDELL, P.A.
300 71ST STREET
SUITE 605
MIAMI BEACH, FL 33141

Received by Lightning Legal Couriers on the 2nd day of July, 2020 at 11:48 am to be served on **YAMBO, INC.
REGISTERED AGENT: ARMANDO PEREZ, SR., 1642 S.W. FLAGLER TERRACE, MIAMI, FL 33135.**

I, Ivan Lopez, do hereby affirm that on the **2nd** day of **July, 2020** at **12:00 pm, I:**

served a **CORPORATION** by delivering a true copy of the **Summons and Complaint Under 29 U.S.C. §§ 201-216
Overtime and Minimum Wage Violations** with the date and hour of service endorsed thereon by me, to: **EDGAR
MURILLO** as **MANAGER** for **YAMBO, INC.,** at the address of: **1642 S.W. FLAGLER TERRACE, MIAMI, FL 33135,**
and informed said person of the contents therein, in compliance with state statutes.

Under Penalties of Perjury, I declare I have read the foregoing document and the facts stated in it are true. I certify
that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good
standing, in the judicial circuit in which the process was served. NO NOTARY REQUIRED PURSUANT TO F.S.
92.525(2)

Ivan Lopez
CPS#2309

**Lightning Legal Couriers**
9280 SW 64 Street
Miami, FL 33173
(786) 286-4167

Our Job Serial Number: LTN-2020002261

Copyright © 1992-2020 Database Services, Inc. - Process Server's Toolbox V8.1m

Filing # 109589853 E-Filed 06/30/2020 11:24:36 AM

| ☐ IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA. ☑ IN THE COUNTY COURT IN AND FOR MIAMI-DADE COUNTY, FLORIDA. | | |
|---|---|---|
| **DIVISION** ☑ CIVIL ☐ DISTRICTS ☐ OTHER | SUMMONS 20 DAY CORPORATE SERVICE (a) GENERAL FORMS | **CASE NUMBER** 2020-001452-CC-24 |
| **PLAINTIFF(S)** XIOMARA DEL CARMEN RIOS CHAVARRIA and all others similarly situated under 29 U.S.C § 216(b) | **VS. DEFENDANT(S)** YAMBO, INC. and ARMANDO PEREZ SR. | **SERVICE** 7.2.20 10:09p I.L.#0309 |

**THE STATE OF FLORIDA:**

To Each Sheriff of the State:

**YOU ARE COMMANDED** to serve this summons and copy of the complaint or petition in this action on

defendant(s): _____ YAMBO, INC
_____ Registered Agent: ARMANDO PEREZ SR.
_____ 1642 S.W. FLAGLER TERRACE
_____ MIAMI FL 33135
_____

Each defendant is required to serve written defense to the complaint or petition on
Plaintiff's Attorney: J.H. ZIDELL, P.A.

whose address is: _____ 300 71st Street, Suite 605
_____ Miami Beach FL 33141
_____

within 20 days " **Except when suit is brought pursuant to s. 768.28, Florida Statutes, if the State of Florida, one of its agencies, or one of its officials or employees sued in his or her official capacity is a defendant, the time to respond shall be 40 days. When suit is brought pursuant to 768.28, Florida Statutes, the time to respond shall be 30 days."** after service of this summons on that defendant , exclusive of the day of service, and to file the original of the defenses with the Clerk of this Clerk Court either before service on Plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

| **HARVEY RUVIN** CLERK of COURTS | DEPUTY CLERK | **DATE** 7/1/2020 |
|---|---|---|

**AMERICANS WITH DISABILITIES ACT OF 1990**
**ADA NOTICE**

**"If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact Alican Simpkins, the Eleventh Judicial Circuit Court's ADA Coordinator, Lawson E. Thomas Courthouse Center, 175 NW 1st Avenue, Suite 2400, Miami, FL 33128; Telephone (305) 349-7175; TDD (305) 349-7174, Email ADA@jud11.flcourts.org; or via Fax at (305) 349-7355, at least seven (7) days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than seven (7) days; if you are hearing or voice impaired, call 711."**

CLK/CT. 314 Rev. 09/19                                        Clerk's web address: www.miami-dadeclerk.com

**IN THE CIRCUIT COURT
OF THE TWENTIETH JUDICIAL CIRCUIT IN
AND FOR MIAMI DADE COUNTY, FLORIDA**

XIOMARA DEL CARMEN RIOS                    CASE NO.: 2020-001452-CC-24
CHAVARRIA and all others similarly
situated under 29 U.S.C. § 216(b),

     *Plaintiff*,

v.

YAMBO INC., a Florida Corporation, and
ARMANDO PEREZ SR., an individual,

     *Defendants*.            /

**DEFENDANTS' YAMBO, INC. AND ARMANDO PEREZ, SR.'S
JOINT MOTION FOR ENLARGEMENT OF TIME
TO FILE A RESPONSE TO PLAINTIFF'S COMPLAINT**

     **COMES NOW,** Defendants YAMBO, INC., a Florida Corporation ("Yambo"), and

ARMANDO PEREZ SR. ("AP"), individually, by and through undersigned counsel, respectfully

submit this unopposed motion for enlargement of time to respond to Plaintiff's Complaint, and in

support of states as follows:

     1.     On June 5, 2020, Plaintiff filed her Complaint against Defendants Yambo and AP,

under the Fair Labor Standards Act ("FLSA").

     2.     On or about July 2, 2020, Plaintiff served Yambo and AP.

     3.     Defendants response to Plaintiff's Complaint is due on July 22, 2020.

     4.     Both Defendants are represented by undersigned counsel.

     5.     Defendants respectfully request to jointly respond to the Complaint.

     6.     The service of Plaintiff's Complaint was the first notification to Defendants that

Plaintiff believed that she any claims of any kind related to her employment with Defendants.

     7.     Defendants recently retained the undersigned counsel.

CASE NO.: 2020-001452-CC-24

8.      Defendants respectfully request this Honorable Court a brief enlargement of time to jointly respond to Plaintiff's Complaint.

9.      This motion is made in good faith and not for the purpose of delay and the Plaintiff will not be prejudiced by the requested enlargement of time.

WHEREFORE, Defendants respectfully move this Court for an enlargement of time to respond to Plaintiff's Complaint and for such further relief the Court deems just and proper.

Date:   July 20, 2020                     Respectfully submitted,

                                          **TARA E. FAENZA, PA**
                                          *Counsel for Defendants*
                                          66 West Flagler Street, Suite 900
                                          Miami, Florida 33130
                                          Telephone (786) 376-2272
                                          tef@faenzalaw.com

                                          By:   ___/s/ *Tara E. Faenza*_____
                                                TARA E. FAENZA
                                                Florida Bar No.: 106928
                                                tef@faenzalaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished via E-service this 20th day of July, 2020 to:  **J.H. Zidell, Esq**., J.H. Zidell, P.A., *Counsel for Plaintiff*, (Email: ZABOGADO@AOL.COM); **David Nudel, Esq.,** J.H. Zidell, P.A., *Counsel for Plaintiff*, (Email: DNUDEL.JHZIDELLPA@GMAIL.COM).

                                          By:   ___/s/ *Tara E. Faenza,*_____
                                                TARA E. FAENZA, ESQ.

Case 1:20-cv-23101-RAR Document 1-1 Entered on FLSD Docket 07/27/2020 Page 25 of 28

**IN THE COUNTY COURT IN AND FOR**
**MIAMI-DADE COUNTY, FLORIDA**

CIVIL DIVISION

CASE NO.: 2020-001452-CC-24

XIOMARA DEL CARMEN RIOS    )
CHAVARRIA and all others similarly situated )
under 29 U.S.C. § 216(b),    )
    )
        Plaintiff,    )
   vs.    )
    )
YAMBO INC. , a Florida Corporation, and )
ARMANDO PEREZ SR., an individual,    )
    )
    Defendants.    )
_____ )

<u>**NOTICE OF APPEARANCE OF COUNSEL**</u>

**COME(S) NOW** the undersigned counsel and notices the Court and all parties as follows:

The undersigned hereby appears as an additional trial counsel of record on behalf of the Plaintiff(s), and requests that all documents filed or served in this case be sent to the undersigned.

**DAVID M. NUDEL, ESQ.**
**J.H. ZIDELL, P.A.**
**ATTORNEY FOR PLAINTIFF**
**300 71ST STREET, #605**
**MIAMI BEACH, FL 33141**
**PH: 305-865-6766**
**FAX: 305-865-7167**
**EMAIL: DNUDEL.JHZIDELLPA@GMAIL.COM**
**F.B.N. 1003678**

**BY:___/s/___David M. Nudel_____**
**DAVID M. NUDEL, ESQ.**

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY THAT A TRUE AND CORRECT COPY OF THE**

**FOREGOING WAS SENT VIA CM/ECF FILING ON JULY 6, 2020 TO:**

**ALL EFILING REGISTRANTS**

**BY:___/s/___David M. Nudel_____**
**DAVID M. NUDEL, ESQ.**

**IN THE CIRCUIT COURT**
**OF THE TWENTIETH JUDICIAL CIRCUIT IN**
**AND FOR MIAMI DADE COUNTY, FLORIDA**

XIOMARA DEL CARMEN RIOS                    CASE NO.: 2020-001452-CC-24
CHAVARRIA and all others similarly
situated under 29 U.S.C. § 216(b),

     *Plaintiff*,

v.

YAMBO INC., a Florida Corporation, and
ARMANDO PEREZ SR., an individual,

     *Defendants*.             /

## NOTICE OF APPEARANCE

     COME(S) NOW the undersigned counsel and notices the Court and all parties as follows:

The undersigned hereby appears as an additional trial counsel of record on behalf of the Plaintiff(s),

and requests that all documents filed or served in this case be sent to the undersigned.

Tara E. Faenza, Esq.
**Tara E. Faenza, PA**
66 West Flagler Street, Suite 900
Miami, FL 33130
Email: tef@faenzalaw.com
Telephone: 786-376-2272

Date:   July 20, 2020           Respectfully submitted,

                                   **TARA E. FAENZA, PA**
                                   *Counsel for Defendants*
                                   66 West Flagler Street, Suite 900
                                   Miami, Florida 33130
                                   Telephone (786) 376-2272
                                   tef@faenzalaw.com

                             By:    /s/ *Tara E. Faenza*
                                   TARA E. FAENZA
                                   Florida Bar No.: 106928
                                   tef@faenzalaw.com

CASE NO.: 2020-001452-CC-24

**<u>CERTIFICATE OF SERVICE</u>**

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished via E-service

this <u>20th</u> day of July, 2020 to: **J.H. Zidell, Esq**., J.H. Zidell, P.A., *Counsel for Plaintiff*, (Email:

ZABOGADO@AOL.COM); **David Nudel, Esq.,** J.H. Zidell, P.A., *Counsel for Plaintiff*, (Email:

DNUDEL.JHZIDELLPA@GMAIL.COM).

By: ___ */s/ Tara E. Faenza,* ___
TARA E. FAENZA, ESQ.