**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

CASE NO.: 2020-cv-23101-BLOOM/Louis

XIOMARA DEL CARMEN RIOS  )
CHAVARRIA and all others similarly situated )
under 29 U.S.C. § 216(b),  )
  )
  )
      Plaintiff,  )
vs.  )
  )
  )
YAMBO INC., a Florida Corporation, and  )
ARMANDO PEREZ SR., an individual,  )
  )
  )
      Defendants.  )

_____

**JOINT MOTION TO APPROVE SETTLEMENT AGREEMENT**
**AND TO DISMISS WITH PREJUDICE**

COME NOW the Parties, Plaintiff, XIOMARA DEL CARMEN RIOS CHAVARRIA (hereinafter "Plaintiff"), and Defendants, YAMBO INC., and ARMANDO PEREZ SR. (hereinafter "Defendants"), by and through their respective undersigned counsel, and file this Joint Motion for Approval of the Parties' Settlement Agreement and Stipulated Dismissal with Prejudice, and respectfully state as follow:

1. Plaintiff filed her Complaint in this case on June 5, 2020 in Florida County Court, seeking unpaid overtime wage compensation and Florida Minimum Wage Violations.

2. Defendants removed the claim to Federal Court after filing a Motion for Extension of Time to Answer the Complaint.

3. Defendants filed a Motion to Dismiss the Complaint alleging failure to state a claim, establish individual coverage and interstate commerce, plead proper entitlement to a

collective or class action, and to meet the Florida Minimum Wage Claim filing prerequisite. Therefore, the Parties agreed to a compromise to settle their disputes.

4. Plaintiff anticipated presenting evidence that Defendants' conduct was willful. Defendants dispute any conduct was willful and deny any and all wrongdoing. Under the FLSA, liquidated (double) damages are applicable absent Defendants meeting their burden of proof to show that any violation of the law was in good faith. *See* 29 U.S.C. § 216. Plaintiff maintains liquidated damages were applicable. Defendants deny and all wrongdoing and that Plaintiff is not entitled to any damages, including liquidated. The Parties did not require the Court to adjudicate these and other issues because the Parties settled.

5. The Parties engaged in lengthy, arms-length settlement negotiations over the past month. At the close of these negotiations the parties were able to reach an agreement that compensates the Plaintiff in an amount that each Party finds acceptable and represents a reasonable resolution of his claim.

6. The settlement between the Parties is attached hereto as **Exhibit A** (the "Agreement"). Although the Parties dispute liability and damages in this matter, all Parties agree that the resolution is a fair and reasonable resolution of the dispute.

7. Defendants will pay Plaintiff the gross amount of Nine Thousand Nine Hundred and Eighty Dollars ($9,980.00) as consideration for her claims for alleged unpaid overtime and minimum wages and liquidated damages in exchange for the dismissal of all Plaintiffs' existing and potential claims[1], including this case with prejudice. Four Thousand Nine Hundred and Ninety Dollars and 00/100 Cents ($4,990.00) represents alleged unpaid

---

[1] Plaintiff has filed two (2) Worker's Compensation cases, represented by different counsel. Plaintiff did not waive her rights to pursue claims under Worker's Compensation law.

wages, and Four Thousand Nine Hundred and Ninety Dollars and 00/100 Cents ($4,990.00) represents alleged liquidated damages.

8. Given the uncertainties of litigation, and the chance that Plaintiff may have recovered much less if Defendants succeeded in their defenses. Therefore, the Parties jointly submit that the settlement is fair and reasonable.

9. Plaintiff's Counsel has approximately 27 hours billed into the case thus far at a blended rate of $325.00 per hour. Plaintiff's Counsel is receiving $7,000.00 in fees plus costs in the amount of $520.00.

10. In accordance with the Eleventh Circuit precedent *Lynn Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F. 2d 1350, 1353 (11th Cir. 1982), and the Local Rules of this Court, the parties request that the Court approve their Agreement.

## MEMORANDUM OF LAW

### A. Standard for Approval

Pursuant to the law of this Circuit, judicial review and approval of this tentative settlement provides final and binding effect to an agreement to settle a compromise of a claim under the FLSA. *Lynn Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F. 2d 1350 (11th Cir. 1982). As the Eleventh Circuit held in *Lynn Food Stores*,

> There are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees. First, under section 216(c), the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them … The only other route for compromise of FLSA claims is provided in the context suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness. *Id.* at 1352-53.

Before approving an FLSA settlement, the court must ensure that it is "a fair and reasonable resolution of a bona fide dispute." *Id.* at 1354-55. If the settlement reflects a reasonable compromise over issues that are actually in dispute, the court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Id.* at 1354. In determining whether the parties' Agreement is fair and reasonable, the Court should consider the following factors: (1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of Plaintiffs' success on the merits; (5) the range of possible discovery; and (6) the opinions of counsel. *See Leverso v. South Trust Bank of Ala., Nat. Assoc.*, 18 F. 3d 1527, 1531 n.6 (11th Cir. 1994); *Hamilton v. Frito-Lay, Inc.*, No. 6:05-cv-592-Orl-22JGG, 2007 U.S. Dist. LEXIS 10287, at *2-3 (M.D. Fla. Jan. 8, 2007). There is a strong presumption in favor of finding a settlement fair. *Hamilton*, 2007 U.S. Dist. LEXIS at *2-3; *Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977).

B. **The Proposed Compromise of FLSA Claims Is Fair And Reasonable**.

The Parties submit that they sufficiently investigated and exchanged information to properly evaluate the claims and defenses to recommend resolution as set forth in their Agreement. The Parties agree to a compromise in which Plaintiff will receive an acceptable recovery she believes is fair and reasonable in light of the total value of her claim and Defendants denial of same. Given the uncertainty of trial and possibility of protracted litigation, Plaintiff agrees the sum she receives in this settlement constitutes a reasonable and informed compromise of her claims.

## **CONCLUSION**

The settlement agreed upon by the Parties resolves Plaintiff's overtime and minimum wage claims and attorneys' fees. Plaintiff will have no responsibility to her counsel for any out of pocket sums. Importantly, throughout the entirety of the litigation in this case, the Parties were represented by competent counsel experienced in labor and employment law. The Parties further advise the Court that their settlement herein includes every term and condition of the parties' settlement.

WHEREFORE, the Parties respectfully request the Court approve the attached settlement agreement as fair and reasonable and dismiss this matter with prejudice, retaining jurisdiction over enforcement of the settlement, with each party to bear its own fees and costs except as set forth in the Agreement.

Respectfully submitted,

| | |
|---|---|
| **J.H. ZIDELL, PA** | **TARA E. FAENZA, PA** |
| *Counsel for Plaintiff* | *Counsel for Defendants* |
| 300 71st Street, Suite 605 | 66 W. Flagler Street, Suite 900 |
| Miami Beach, Florida 33141 | Miami, FL  33130 |
| | |
| By:*/s/Natalie Staroschak, Esq.* | By: /s/*Tara E. Faenza, Esq.* |
| | Tara E. Faenza, Esq. |
| Natalie Staroschak, Esq. | Fla. Bar No.: 106928 |
| NSTAR.ZIDELLPA@GMAIL.COM | *tef@faenzalaw.com* |