# Exhibit A

## SETTLEMENT AGREEMENT AND MUTUAL GENERAL RELEASE

This Settlement Agreement and Mutual General Release (this "Settlement Agreement") is entered into by and among YAMBO INC., including its predecessors, successors and assigns, parent corporations, subsidiary corporations, affiliated corporations, and agents, ARMANDO PEREZ SR., including his heirs, representatives, agents, insurers, successors, and assigns, (hereinafter collectively referred to as "Defendants"), and XIOMARA DEL CARMEN RIOS CHAVARRIA, including her heirs, representatives, agents, insurers, successors, and assigns (hereinafter referred to as "Plaintiff"), (hereinafter Defendants and Plaintiff collectively referred to as the "Parties"), for good and valuable consideration, receipt of which is hereby acknowledged, and in order to resolve and settle finally, fully and completely all matters or disputes that now exist or may exist between them, agree as follows:

1. **Mutual General Release.** In consideration for the promises contained in this Agreement, the Parties unconditionally release and discharge each other (collectively referred to as the "Released Parties") from any and all claims, demands, liabilities, and causes of action of any kind or nature, whether known or unknown, or suspected or unsuspected, which either party now owns or holds, or has owned or held against the Released Parties, including, but not limited to, any and all claims, demands, liabilities, causes of action, and all incurred attorney's fees and costs, which arise out of, or are in any way connected with Plaintiff's employment with, or the separation of Plaintiff's employment with the Defendants, or which arise out of or are in any way connected with any loss, damage, or injury whatsoever to Plaintiff resulting from any act or omission by or on the part of the Released Parties committed prior to the date of this Agreement. Included in the claims, demands, liabilities, and causes of action being released and discharged by Plaintiff are all claims under:

- Title VII of the 1964 Civil Rights Act;
- The Civil Rights Act of 1991;
- The Age Discrimination in Employment Act;
- The Older Workers Benefit Protection Act;
- The Equal Pay Act;
- The Fair Labor Standards Act ("FLSA");
- The Employee Retirement Income Security Act (ERISA);
- The Americans with Disabilities Act of 1990;
- The Rehabilitation Act of 1973;
- The Family and Medical Leave Act of 1993; 42 U.S.C. §§ 1981, 1985(3), and 1986;
- The Occupational Safety and Health Act;
- The Florida Civil Rights Act, Chapter 760, Florida Statutes;
- The Florida Private Whistle-blower's Act of 1991;
- Chapter 11A of the Miami-Dade County Code;
- Any and all other laws, statutes, ordinances, treaties, rules or regulations of the United States of America, or any other country, state, county, municipality, or political subdivision thereof;

1 of 7

_XR_ Xiomara Del Carmen Rios
_AP_ Yambo Inc.
_AP_ Armando Perez Sr.

- Any claims arising under any other federal, state or local statute or act, ordinance, regulation, custom, rule or policy;
- Claims for breach of a contract, implied contract, or *quantum meruit*, or any cause of action or claim for tort damages, negligence or personal injury by, between, or among the Parties; and
- Claims under any instruments, agreements, or documents entered into by, between, or among the Parties.

Each party understands that this means that the parties releasing each other, and may not bring claims against each other under, *inter alia*,

- Any and all other laws, statutes, ordinances, treaties, rules or regulations of the United States of America, or any other country, state, county, municipality, or political subdivision thereof;
- Any claims arising under any other federal, state or local statute or act, ordinance, regulation, custom, rule or policy;
- Claims for breach of a contract, implied contract, or *quantum meruit*, or any cause of action or claim for tort damages, negligence or personal injury by, between, or among the Parties;
- Claims under any instruments, agreements, or documents entered into by, between, or among the Parties; and
- All claims, demands, liabilities, and causes of action of any kind or nature, whether known or unknown, or suspected or unsuspected, which either party now owns or holds, or has owned or held against the other, including, but not limited to, any and all claims, demands, liabilities, causes of action, and all incurred attorney's fees and costs, which arise out of, or are in any way connected with Plaintiff's employment with, or the separation of Plaintiff's employment with the Defendants, or which arise out of or are in any way connected with any loss, damage, or injury, whatsoever to Defendants resulting from any act or omission by or on the part of Plaintiff committed prior to the date of this Agreement.

In consideration for the mutual promises exchanged herein, Plaintiff and Defendants release and forever discharge each other from any and all claims of any kind which Plaintiff and Defendants had, now have, or hereinafter can, shall or may have against the other party, whether known or unknown to them, by reason of any acts, omissions, events, matters, causes, facts or things occurring or existing prior to the date this Agreement is fully executed and unconditionally delivered by the Parties.

This Agreement shall affect the release of all claims which were, or could have been, asserted by and among Plaintiff and Defendants in the lawsuit styled *Xiomara Del Carmen Rios Chavarria and all others similarly situated under 29 U.S.C. 216(b) v. Yambo Inc and Armando Perez Sr.,* Case No.: 2020-cv-23101-BLOOM/Louis pending before the U.S. District Court for the Southern District of Florida (hereinafter referred to as the "Litigation").

2 of 7

*XR* Xiomara Del Carmen Rios
*AP* Yambo Inc.
*AP* Armando Perez Sr.

2. **Express Carve-Out:** The Mutual General Release herein expressly carves out and does not affect and/or impact and/or release in any way whatsoever any workers compensation known and/or unknown and/or any claims Plaintiff now owns or holds or has owned or held or may choose to pursue against Defendants, jointly and severally, under Chapter 440, Florida Statutes and/or State law, including workers' compensation arising out of Chapter 440, Florida Statutes are separate from this matter and Plaintiff shall proceed with them as Plaintiff wishes regardless of this Agreement and all such claims are expressly preserved, specifically Plaintiff's existing cases, case no OJCC20-018258RLY and case no. OJCC20018257RLY. This Agreement does not affect and/or impact and/or release in any way whatsoever any claims Plaintiff now owns or holds or has owned or held or may choose to pursue against the Defendants, jointly and severally, regarding workers' compensation claims. This release does not impact any and all rights Plaintiff has under Chapter 440 and all claims and rights are preserved regarding her Worker's Compensation Claims.

3. **Settlement Amount and Attorney's Fees**. In consideration of the mutual promises exchanged herein, Defendants, jointly and severally, shall pay the total sum of Seventeen Thousand Five Hundred Dollars and 00/100 Cents ($17,500.00) (the "Settlement Funds"), in one payment issued to J.H. Zidell, P.A.'s Client Trust Account, for which a 1099 shall be issued, to be delivered no later than thirty (30) days after the Plaintiff signs the Settlement Agreement and to be held in trust and disbursed only upon Court Approval.

The Settlement Funds shall be paid by Defendants, jointly and severally, and shall be disbursed by Plaintiff's Counsel, J.H. Zidell, P.A., and allocated as follows:

i. Plaintiff shall receive the total amount of Nine Thousand Nine Hundred and Eighty Dollars and 00/100 Cents ($9,980.00), of which Four Thousand Nine Hundred and Ninety Dollars and 00/100 Cents ($4,990.00) represents alleged unpaid overtime, and Four Thousand Nine Hundred and Ninety Dollars and 00/100 Cents ($4,990.00) represents alleged liquidated damages; and

ii. Plaintiff's Counsel shall receive the total amount of Seven Thousand Dollars and 00/100 Cents ($7,000.00), in attorneys' fees and Five Hundred and Twenty Dollars and 00/100 Cents ($520.00) for costs in this litigation.

Pursuant to *Lynn's Food Stores, Inc. v. U.S. Dep't. of Labor*, 679 F.2d 1350, 1352 (11th Cir. 1982), the Parties shall jointly move the Court through Plaintiff filing a Joint Motion for Approval and Proposed Order Dismissing this case with prejudice and jointly ask the Court to approve the terms of this Agreement, dismiss the Litigation with prejudice, to retain jurisdiction to enforce the terms of this Agreement, and for each side bear its own fees and costs except as set forth herein, no later than September 4, 2019. Defendants will jointly move to approve the settlement terms in full and failure to do so will constitute a breach of this agreement.

4. **Payment Default**. Should Defendants, jointly and severally, fail to make a payment of the Settlement Funds as described above, or should the check be returned for non-

3 of 7

XR Xiomara Del Carmen Rios
AP Yambo Inc.
AP Armando Perez Sr.

sufficient funds or any other reason, Plaintiff's counsel shall give written notice via e-mail to Defense Counsel, Tara E. Faenza, Esq., at tef@faenzalaw.com.

In the event that the checks bounces, the Defendants, jointly and severally, shall cure said breach within three (3) days of receiving written notification via e-mail, and Defendants, jointly and severally, shall pay the breached amount and an additional One Thousand Dollars and 00/100 Cents ($1,000.00).

In the event that Defendants, jointly and severally, fail to cure said breach including the amount of an additional One Thousand Dollars and 00/100 Cents ($1,000.00) within three (3) days of receiving the written notification via e-mail, then a final default judgment shall be entered against Defendants, jointly and severally, for twenty two thousand five hundred dollars ($22,500.00).

The Parties agree and stipulate that this "Payment Default" provision is **not** a penalty provision of any sort but is rather included to insure full and timely payment of the Settlement Funds. The Parties further stipulate and agree that this "Payment Default" provision is a material part of this Settlement Agreement and was bargained for as valuable consideration in order for the Parties to have reached a settlement of the Litigation. It is agreed and stipulated by the Parties that the amounts included in this "Payment Default" provision are the best forecast that can be used for the damages that the Plaintiff will suffer should the Defendants, jointly and severally, fail to make timely and complete payment of the Settlement Funds because the precise measure of what said damages would amount to in the event of default/breach are inascertainable at the time this Settlement Agreement has been executed by both Parties. If breach/default occurs, Plaintiff's counsel shall be entitled to attorney's fees and costs incurred related to the same and for collection.

5.  **Indemnification**. Plaintiff acknowledges and agrees that it shall be solely and exclusively Plaintiff's obligation and responsibility to report to the appropriate governmental agencies and other authorities all monies received as wages and/or other compensation under this Agreement and to report and pay all related taxes or impositions. Plaintiff shall indemnify and hold harmless Defendants, their directors, officers, owners, employees, subsidiaries and affiliates from and against any and all claims, damages, losses, liabilities or obligations asserted, or imposed and/or threatened against Defendants by any person or entity relating, directly or indirectly, to the monies received by Plaintiff hereunder as wages and/or other compensation, including, without limitation, Plaintiff, the IRS, or any other person, except as to any tax withholdings that Defendants could be found legally liable for Plaintiff with regards to Plaintiff's entire employment period with the Defendants, if any.

6.  **Attorneys Not Tax Experts.** The Parties acknowledge that the attorneys involved in this Settlement Agreement or the Litigation do not claim to be an expert in tax matters. The Parties further acknowledge and agree that they have neither received nor relied on any tax advice or information from any attorney involved in negotiating this Settlement Agreement or the Litigation or in negotiating of this Settlement Agreement.

4 of 7

XR Xiomara Del Carmen Rios
AP Yambo Inc.
AP Armando Perez Sr.

7. **Non-Admission Clause.** By entering into this Agreement nor anything contained herein, shall, in any way, be construed or considered to be an admission by either party of guilt, wrongdoing, or noncompliance with any federal, state or local statute, public policy, tort law, contract law, common law, or any other wrongdoing whatsoever. This Agreement is entered solely to buy peace and to resolve disputed claims and for no other reason, and expressly deny any and all such liability. Defendants do not admit any liability whatsoever to Plaintiff or to any other person arising out of any claims asserted in the Litigation, or that could have been asserted in the Litigation, including but not limited to any claim under the FLSA.

8. **Mutual Non Disparaging Remarks.** The Parties agree that they will not disparage, defame, or otherwise say anything negative about each other, by written or oral word, gesture, or any other means, nor will they make any disparaging or negative comments about each other, to any person or entity. No current officer, owner, or manager of YAMBO INC. shall disparage, defame, or otherwise say anything negative about Plaintiff, by written or oral word, gesture, or any other means, nor will they make any disparaging or negative comments about Plaintiff, to any person or entity. Plaintiff understands and agrees that statements by former employees or non-officers/owners are not authorized to make any statement on behalf of Defendant YAMBO, INC.

9. **Neutral Reference:** In the event that a prospective employer requests an employment reference for Plaintiff, the parties agree that Defendants shall only provide the dates and position held by Plaintiff while working for Defendants. Plaintiff will direct all requests for references only to the General Manager.

10. **Mutual Representation by the Parties.** The Parties represent that, as of the date that this Agreement is executed, they are not aware of any additional claims that they may have against any of the Released Parties and hereby the Parties certify that they have not filed any claim (except the Litigation released herein), and do not intend to file any claims, demands, liabilities, and causes of action against any of the Released Parties for actions that occurred prior to the date of this Agreement, related to their employment, and/or involving Plaintiff's employment, other than claims to enforce this Agreement.

11. **No Re-Hire/No Reinstatement.** Plaintiff agrees to never apply for employment and/or seek work with Defendant. Plaintiff agrees that this forbearance to seek future employment is purely contractual and is in no way involuntary, discriminatory, or retaliatory. In consideration for the payments made by Defendant under this Agreement, and in light of the irreconcilable differences between the Parties, Plaintiff acknowledge and agree that they are not entitled to, and will not accept, reemployment or reinstatement of employment with Defendant or any business owned, managed or operated by Defendant. The Plaintiff agrees that Defendant's refusal to rehire them will not subject it to liability on any grounds.

5 of 7

*XR* Xiomara Del Carmen Rios
*AP* Yambo Inc.
*AP* Armando Perez Sr.

12. **Covenant of Non-Solicitation.** Plaintiff agrees, warrants, and represents that neither she, nor anyone acting on her behalf, has ever contacted, communicated with, or solicited present or former employees of Defendants for the purpose of encouraging and/or assisting with the filing of any claims, lawsuits, charges, complaints, petitions, or other accusatory pleadings against Defendants with any governmental agency or any court. Plaintiff further agrees, warrants, and represents that neither she, nor anyone acting on her behalf, shall ever contact, communicate with, or solicit present or former employees of Defendants, or any related entities and affiliates, for the purpose of encouraging and/or assisting with the filing of any claims, lawsuits, charges, complaints, petitions, or other accusatory pleadings against Defendants with any governmental agency or any court except as legally required by subpoena.

13. **Binding Nature of Agreement:** This Agreement shall be binding upon each of the Parties and upon their respective heirs, administrators, representatives, executors, successors, and assigns, and shall inure to the benefit of each party and to their respective heirs, administrators, representatives, executors, successors, and assigns.

14. **Jurisdiction.** The Parties agree that jurisdiction over this matter shall be in the United States District Court for the Southern District of Florida which is presiding over the Litigation. The Agreement is governed by the substantive law of the State of Florida, and where applicable, federal law. If the district court chooses not to retain jurisdiction, then this Agreement shall be enforceable in the appropriate court in Miami-Dade County, Florida.

15. **Severability.** In the event that one or more terms or provisions of this Agreement are found to be invalid or unenforceable for any reason or to any extent, each remaining term and provision shall continue to be valid and effective and shall be enforceable to the fullest extent permitted by law.

16. **Entire Agreement.** This Agreement constitutes the complete understanding of the parties hereto and supersedes any and all prior agreements, promises, representations, or inducements, whether oral or written, concerning its subject matter. No promises or agreements made subsequent to the execution of this Agreement by these parties shall be binding unless reduced to writing and signed by an authorized representative of each party.

17. **Enforcement.** In the event any action is commenced to enforce said settlement agreement or for a proven breach of this Agreement, the prevailing party shall be entitled to reasonable fees and costs.

18. **Voluntariness.** The Parties certify that they have fully read, negotiated, and completely understand the provisions of this Agreement, that each Party has been advised by the other to consult with an attorney before signing the Agreement, and that each Party is signing freely and voluntarily, and without duress, coercion, or undue influence. The Parties each acknowledge that he/it are entering into this Agreement freely and voluntarily and with complete understanding of all the rights he/it is waiving in this Agreement and of the irrevocable nature of

XR Xiomara Del Carmen Rios
AP Yambo Inc.
AP Armando Perez Sr.

same. Plaintiff and Defendants acknowledge that they have consulted with counsel of their own choosing before executing this Settlement Agreement.

19. **Counterparts**: This Agreement may be executed in multiple counterparts, each of which shall constitute an original, and all of which shall constitute one single Agreement. Faxed transmissions and/or copies of the signature block shall be deemed enforceable.

20. **Construction.** Plaintiff and Defendants have jointly participated in the negotiation of this Agreement and this Agreement is the product of joint draftsmanship by the Parties. In the event of an ambiguity or question of intent or interpretation arises, this Agreement shall be construed as if it was drafted jointly by the Parties and no presumptions or burdens of proof shall arise favoring any party by virtue of authorship of this Agreement.

21. **Headings**. The Parties agree that the headings used in this Agreement are for convenience and reference only and in no way define, describe, extend, or limit the scope or intent of this Agreement or the intent of any provision in it.

22. **Cooperation**. The Parties agree to cooperate fully in the execution of any documents or performance in any way which may be reasonably necessary to carry out the purposes of this Agreement and to effectuate the intent of the Parties hereto.

23. **Translation:** By signing this Agreement, Plaintiff certifies that this Agreement has been translated for him by an attorney and that he fully understands the terms of this Agreement. **TRADUCCIÓN: AL FIRMAR ESTE ACUERDO, EL DEMANDANTE CERTIFICA QUE ESTE ACUERDO HA SIDO TRADUCIDO PARA ÉL POR UN ABOGADO Y ELENTIENDE COMPLETAMENTE LOS TÉRMINOS DE ESTE ACUERDO.**

**XIOMARA DEL CARMEN RIOS**

By: _Xiomara Carmen Rios_
**XIOMARA DEL CARMEN RIOS**

Date: _09-01-20_

**YAMBO INC.**

By: _ARMANDO Perez_
Name: _Presidente_
Title:
Date:

**ARMANDO PEREZ SR.**

By: _[signature]_
**ARMANDO PEREZ SR.**

7 of 7

XR Xiomara Del Carmen Rios
AP Yambo Inc.
AP Armando Perez Sr.